IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PRODUCERS COOPERATIVE OIL MILL, an Oklahoma Cooperative Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-14-703-C |
| ASPEN SPECIALTY INSURANCE COMPANY, a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff is the owner of an industrial manufacturing building and warehouse that sustained roof damage during a tornado on May 31, 2013. At the time of the incident, the building was insured through Defendant. Plaintiff notified Defendant of the damages on June 4, 2013. That claim is still pending. On July 3, 2014, Plaintiff filed suit against Defendant, asserting claims of fraud and breach of contract and bad faith. Before the Court is Defendant's Motion to Stay Case (Dkt. No. 13). Defendant asks the Court to stay these proceedings and allow Defendant the opportunity to complete its investigation of Plaintiff's insurance claim. Defendant asserts it has been unable to complete the investigation because Plaintiff has failed to fulfill its post-loss obligations under the policy. The coverage policy states that an insured must "in the event of loss or damage to Covered Property: . . . Cooperate with us in the investigation or settlement of the claim." (Def.'s Br., Dkt. No. 13, Ex. 1, at 27-28.) The policy also states that Defendant "may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably

required, about any matter relating to this insurance or the claim." Id. at 28. The policy prohibits an insured from bringing legal action unless "[t]here has been full compliance with all of the terms of this Coverage Part." (Id., Ex. 1, at 33.) Both parties agree that since the filing of the claim, Plaintiff has produced an engineering report and roof repair estimates that were made before the date of the incident. An examination under oath of Plaintiff's Vice President, Clint Whitworth, occurred on June 5, 2014. Following that examination under oath, Defendant asked Plaintiff to produce, in part, documents related to the purchase of the building, inspection reports of the roof, financial records of any repairs and maintenance of the roof, and board meeting agendas or minutes regarding "repairs, demolition, and maintenance for the property." (Def.'s Br., Dkt. No. 13, Ex. 5, at 2.) Defendant also notified Plaintiff that it intended to schedule an examination under oath of Plaintiff's Chief Executive Officer, Austin Rose, once Defendant received the requested documents. Plaintiff did not produce the documents and filed this lawsuit one week later. Plaintiff opposes the stay and alleges that Defendant seeks to postpone resolution of the claim indefinitely.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The party seeking a stay of judicial proceedings bears the burden of showing that a stay is warranted. Sec. Investor Prot. Corp. v. Blinder, Robinson & Co. Inc., 962 F.2d 960, 968 (10th Cir. 1992). "The stay of a case is a discretion that will be used sparingly and only upon a clear showing by the moving party of hardship or inequity so great as to overbalance all possible

inconvenience of the delay to his opponent." Nelson v. Granite State Ins. Co., No. CIV-08-1165-M, 2010 WL 680878, at *1 (W.D. Okla. Feb. 25, 2010) (citing 1A C.J.S. Actions § 319).

Defendant has failed to show that a stay is warranted. Defendant asserts that it can conclude the investigation within 90 days "with the cooperation of the Plaintiff." (Def.'s Reply, Dkt. No. 23, at 5.) Defendant argues that a stay would allow the parties to be in a better position to negotiate a settlement and thereby "further an expeditious and cost-effective resolution of these proceedings." (Id.) However, Plaintiff opposes the stay and the document request. Plaintiff's claim has been pending for more than 22 months. The Court is not persuaded that the issues causing that delay can be resolved more expeditiously outside the authority of the Court. Furthermore, Defendant can obtain the requested information more expeditiously through discovery. Defendant's reliance on George v. Conn. Fire Ins. Co., 84 Okla. 172, 201 P. 510, 512 (1921), is not persuasive because this is not a case where Plaintiff has refused to appear for, or refused to answer material questions during, an examination under oath. Defendant has not shown that it requested an examination under oath of Rose or shown that such a request was denied.

Accordingly, Defendant's Motion to Stay Case (Dkt. No. 13) is DENIED.

IT IS SO ORDERED this 13th day of April, 2015.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge